```
              UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )
                                )
        v.                      )   3:95-cv-633 HTW JCS
                                )
CHARLES ROY McMILLAN,           )
                                )
        Defendant.              )
_____)
```

**MOTION FOR ORDER TO SHOW CAUSE**
**WHY DEFENDANT SHOULD NOT BE HELD IN CIVIL CONTEMPT**

Plaintiff, the UNITED STATES OF AMERICA, respectfully moves this Honorable Court for an order requiring defendant, CHARLES ROY McMILLAN, to show cause why he should not be held in civil contempt of the Order entered by this Court on June 27, 1996. In support of this motion, the United States submits the attached (1) Memorandum of Authorities; (2) the declarations of Joseph Booker, Jr., M.D.; Eddie Samuel Randall; Alan Lange; and Sheila Butler (attached as Exhibits A through D); (3) photographs of the defendant violating this Court's Order of June 27, 1996 (attached as Exhibits E-1 through E-15); and (4) a video recording of the defendant violating this Court's Order of June 27, 1996 (attached as Exhibit F). The United States represents as follows:

1.   On August 17, 1995, the United States filed a Complaint against the defendant for violations of the Freedom of Access to Clinic Entrances Act ("FACE"), 18 U.S.C. § 248 (1994).

2.   In its Complaint, the United States alleged that the defendant:  (1) threatened the physicians, staff, and patients of the Jackson Women's Health Organization ("JWHO"); (2) attempted to solicit the destruction of JWHO; and (3) obstructed access to the New Women's Medical Center ("NWMC").

3.   On November 22, 1995, this Court ordered a Preliminary Injunction prohibiting the defendant from violating any provision of FACE and from coming within 25 feet of the JWHO property line. United States v. McMillan, 946 F. Supp. 1254 (S.D. Miss. 1995).

4.   On June 6, 1996, the defendant agreed to and signed a Consent Decree resolving this lawsuit.  This Court signed the Consent Decree on June 25, 1996, and entered it on June 27, 1996. The Consent Decree is attached to this Motion as Exhibit G.

5.   In signing the Consent Decree, the defendant agreed, *inter alia*, not to use "force or threats of force to interfere with or intimidate employees" of JWHO.  (Ex. G, Consent Decree, ¶ III.A.)

6.   Defendant further agreed not to come "within 25 feet of JWHO's property line."  (Ex. G, Consent Decree, ¶ III.C.)

7.   Defendant further agreed not to "engag[e] in conduct violative of [FACE] anywhere."  (Ex. G, Consent Decree, ¶ III.G.)

8.   On March 31, 1999, this Court found the defendant to be in civil contempt of the Consent Decree by virtue of the

defendant's threatening statements directed at Dr. John Stopple, a physician working at NWMC.  United States v. McMillan, 53 F. Supp. 2d 895, 907 (S.D. Miss. 1999).  Specifically, the defendant stated several times over a period of weeks, particularly when Dr. Stopple arrived at NWMC, "Where's a pipebomber when you need him?"  Id. at 896.

9.   In finding the defendant in civil contempt in 1999, this Court stated that the defendant "had employed measures to test this court and its decree in order to treat this court's lawful order as mere sham and inapplicable to what [defendant] believes he can do notwithstanding the Consent Decree."  McMillan, 53 F. Supp. at 907 (S.D. Miss. 1999).

10.  This Court ordered the defendant to pay a fine of $1,000.00 "to purge himself of his contempt and assure his future compliance with the Consent Decree."  Id. at 908.

11.  Beginning on or about October 31, 2006, and continuing through the present, defendant has repeatedly come within 25 feet of JWHO's property line in violation of the Consent Decree.  (Exs. E1 – E15, Photographs; Ex. F, Video Recording; Ex. C, Declaration of Alan Lange.)

12.  On October 31, 2006, JWHO's video surveillance system captured defendant enter the JWHO parking lot, which is on JWHO property, approach an occupied car at the far end of the parking

lot, and place a flyer on the car's windshield.  (Ex. D, Declaration of Sheila Butler; Ex. F, Video Recording.)

13.  On or about December 5, 2006, defendant threatened Dr. Joseph Booker, Jr., a physician employed at JWHO, by stating, "Your days are numbered, Booker."  (Ex. A, Declaration of Joseph Booker, Jr., M.D.; Ex. B, Declaration of Eddie Samuel Randall.)

14.  On or about January 3, 2007, defendant again threatened Dr. Booker, stating:  "You may die today.  Are you prepared to meet your maker?  Repent."  (Ex. A, Declaration of Joseph Booker, Jr., M.D.; Ex. B, Declaration of Eddie Samuel Randall.)

15.  On or about January 19, 2007, defendant again threatened Dr. Booker, stating, "Your judgment day is coming, Booker."  (Ex. A, Declaration of Joseph Booker, Jr., M.D.; Ex. B, Declaration of Eddie Samuel Randall.)

16.  Defendant's conduct as averred in paragraphs 11-15 violates the Consent Decree, and the conduct as averred in paragraphs 13-15 also violates FACE.

17.  Defendant's conduct causes Dr. Booker to fear for his life, and to take the extraordinary step of routinely wearing a bullet-proof vest when entering or exiting JWHO.  (Ex. A, Declaration of Joseph Booker, Jr., M.D.)

18.  As a result of defendant's continuing violation of the Consent Decree and FACE, additional judicial and government resources have been expended, and will continue to be expended,

until defendant complies with the Consent Decree.

WHEREFORE, the United States respectfully requests that this Court do the following:

1.  Issue an Order to Show Cause, requiring defendant to appear promptly before this Court and to show cause why he should not be adjudged in civil contempt for failing to comply with the Consent Decree; and

2.  If the defendant is unwilling or unable to show cause why he should not be adjudged in civil contempt, issue an Order of Civil Contempt, and:

    (a)  enjoin defendant from coming within 50 feet of the JWHO property line;

    (b)  order defendant to pay compensatory damages to Dr. Booker of $5,000 for each of three threats defendant made against Dr. Booker;

    (c)  order that any future violation of the Consent Decree's buffer zone will bring with it a $1,000 fine, and any future violation of the Consent Decree's prohibition on threats will result in a $5,000 fine; and

3.  Grant such other relief as the Court deems just and proper.

The Court has authority to enter these sanctions upon a finding of civil contempt, as they are appropriately calculated

to remedy defendant's past noncompliance, and to coerce future compliance, with the Court's Order.

A proposed Order is attached.

                                                          Respectfully submitted,

| | |
|---|---|
| DUNN LAMPTON<br>United States Attorney<br>Southern District of Mississippi | GRACE CHUNG BECKER<br>Acting Assistant Attorney<br> General<br>Civil Rights Division |
| | SHANETTA Y. CUTLAR<br>Chief<br>Special Litigation Section |
| | TAMMIE M. GREGG<br>Deputy Chief<br>Special Litigation Section |
| */s/ Mitzi Dease Paige*<br>_____<br>MITZI DEASE PAIGE<br>Assistant United States Attorney<br>Southern District of Mississippi<br>188 East Capitol Street<br>Suite 500<br>Jackson, MS  39201<br>(601) 973-2840<br>(601) 965-4409 (fax)<br>mitzi.paige@usdoj.gov<br>MS Bar Number 6014 | */s/ Julie K. Abbate*<br>_____<br>JULIE K. ABBATE<br>WILLIAM E. NOLAN<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Ave., NW<br>Washington, DC  20530<br>(202) 353-9560<br>(202) 514-6273 (fax)<br>julie.abbate@usdoj.gov |

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>January 11</u>, 2008, I electronically filed the foregoing Motion and Exhibits with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Stephen M. Crampton, Esq.
LIBERTY COUNSEL
Post Office Box 11109
Lynchburg, VA  24506-1108
court@lc.org


and the following parties by U.S. Postal Service, postage pre-paid:

Charles Roy McMillan
1004 Buckley Drive
Jackson, MS  39206

Nathan W. Kellum, Esq.
Brian Fahling, Esq.
AMERICAN FAMILY ASSOCIATION LAW CENTER
P.O. Drawer 2440
Tupelo, MS  38803-2440

Stephen M. Crampton, Esq.
LIBERTY COUNSEL
Post Office Box 11109
Lynchburg, VA  24506-1108
court@lc.org


/s/Julie K. Abbate

Julie K. Abbate
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division